IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NIGEL DEDIEECE CARTER,** | : | **CIVIL ACTION NO. 1:22-CV-580** |
| Petitioner | : | |
| v. | : | (Judge Conner) |
| **CLERK OF COURTS,** *et al.*, | : | |
| Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241, in which petitioner Nigel Dedieece Carter, who is currently incarcerated in the State Correctional Institution-Camp Hill ("SCI-Camp Hill") awaiting a criminal trial in the Chester County Court of Common Pleas, seeks habeas corpus relief based on that court's pretrial management of his criminal case. We will summarily dismiss the petition because Carter has not shown any extraordinary circumstances that would warrant pre-conviction habeas corpus relief.

I. **Factual Background & Procedural History**

Carter is currently facing charges in the Chester County Court of Common Pleas for conspiracy to manufacture, deliver, or possess controlled substances and for conspiracy to possess controlled substances by a person not registered to do so. See Commonwealth v. Carter, No. CP-15-CR-0001929-2021 (Chester Cty. Ct. Common Pleas filed June 15, 2021). He has filed several motions to dismiss the charges against him, all of which have been denied. See id. Carter has filed multiple interlocutory appeals to the Pennsylvania Superior Court, which are

currently pending.  See id.; see also Commonwealth v. Carter, No. 2165 EDA 2021 (appeal filed Sept. 3, 2021); Commonwealth v. Carter, No. 2164 EDA 2021 (appeal filed Sept. 3, 2021).

Carter filed the instant petition in the United States District Court for the Eastern District of Pennsylvania on March 11, 2022.  (Doc. 1).  The court transferred the petition to this district on April 8, 2022, based on the fact that Carter is currently incarcerated in SCI-Camp Hill.  (Doc. 6).  The Clerk of Court subsequently docketed the transferred petition on April 21, 2022.  (Doc. 7).

Carter brings five claims for habeas corpus relief, all of which arise from pretrial issues in his criminal case in the Court of Common Pleas.  First, Carter asserts that a detective made false statements during a June 14, 2021 preliminary hearing.  (Doc. 1 at 3).  Second, Carter asserts the detective made a false statement in the affidavit of probable cause that was used to seek a warrant for Carter's arrest.  (Id. at 4).  Third, Carter alleges that charges have been brought against him based on erroneous information relating to his date of birth.  (Id. at 6).  Fourth, Carter argues that the Court of Common Pleas has violated his right to a speedy trial.  (Id. at 7).  Fifth, Carter asserts that the Court of Common Pleas has not allowed him "to be heard" and has otherwise hindered his ability to defend himself as an unrepresented criminal defendant.  (Id. at 9).

## II.   Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. §

2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

### III. Discussion

Carter is plainly not entitled to habeas corpus relief.  When a petitioner seeks habeas corpus relief prior to a final conviction and sentence in state court and the petitioner has not exhausted state court remedies, a federal court may only entertain the petition in "extraordinary circumstances."  Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).  Carter has failed to show such extraordinary circumstances, as he has failed to explain why the alleged errors in the Court of Common Pleas could not be corrected through ordinary error correction on direct appeal.

### IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    May 2, 2022